UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHLEEN MCKENNA,<br><br>                           Plaintiff,<br><br>v.<br><br>ROSALYN WILLIAMS, RYDER TRUCK RENTAL, INC., and TURNER TRANSPORTATION SPECIALISTS, INC. d/b/a THE MOVING MANN,<br><br>                           Defendants. | Civil Action No. :<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

In this civil action for personal injuries, Plaintiff Cathleen McKenna ("Plaintiff") by way of Complaint against defendant Rosalyn Williams, Ryder Truck Rental Inc. and Turner Transportation Specialists, Inc. d/b/a The Moving Mann (collectively hereinafter "Defendants") arising out of a motor vehicle accident on I-287 in Parsippany-Troy Hills Township, New Jersey, alleges as follows:

## PARTIES

1. Plaintiff Cathleen McKenna is an individual residing at 46 Mackenzie Road, Morristown, New Jersey.

2. Defendant Rosalyn Williams ("Williams") is an individual residing at 4112 Pinnacle Way, Hephzibah, Georgia.

3. Upon information and belief, defendant Ryder Truck Rental, Inc. ("Ryder") is a foreign corporation principally located at 11690 NW 105 St., Miami, Florida duly organized and

existing under and by virtue of the laws of the State of Florida authorized to do business in the State of Florida and which also does business in the State of New Jersey.

4. At all relevant times, upon information and belief, Ryder regularly transacts business in the State of New Jersey and derives substantial revenue from such business in New Jersey.

5. Upon information and belief, defendant Turner Transportation Specialists, Inc. d/b/a The Moving Mann ("Turner") is a foreign corporation principally located at 1494 Wrightsboro Road, Augusta, Georgia duly organized and existing under and by virtue of the laws of the State of Georgia authorized to do business in the State of Georgia and which also does business in the State of New Jersey.

6. At all relevant times, upon information and belief, Turner regularly transacts business in the State of New Jersey and derives substantial revenue from such business in New Jersey.

## JURISDICTION AND VENUE

7. Federal diversity jurisdiction exists pursuant to 28 U.S.C. Section 1332 because Plaintiff is a resident of a different state from defendants and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

8. Venue in this district is proper pursuant to 28 U.S.C. Section 1391(b)(2) because the events giving rise to the claims herein occurred within this district.

## FACTS

9. At all times mentioned herein on or about December 19, 2019, Plaintiff and Williams were traveling southbound on I-287 in Parsippany-Troy Hills Township, New Jersey.

10. On December 19, 2019, Williams's vehicle was traveling in the center lane and Plaintiff's vehicle was traveling in the left lane of I-287 South. Williams failed to observe Plaintiff to her left, switched lanes and struck Plaintiff's vehicle in the rear causing Plaintiff's vehicle to strike the barrier and land in the center left lane and hit another vehicle.

11. At the time of the accident on December 19, 2019, Plaintiff was traveling in and driving a vehicle registered to Plaintiff's husband Edward McKenna.

12. On or about December 19, 2019, Plaintiff was operating a white 2011 Honda Pilot bearing license plate number "ZYZ16X" registered in the State of New Jersey in Edward McKenna's name.

13. On December 19, 2019 and at all times hereinafter mentioned, Turner employed Williams who at all times was acting in the course of her employment for Turner and in the furtherance of business of Turner.

14. On December 19, 2019 and at all times hereinafter mentioned, Williams was an agent of Turner, who at all times was acting in the course of her agency for Turner and in furtherance of the business of Turner.

15. On December 19, 2019, and at all times hereinafter mentioned, Williams was a third party contractor of Turner, who at all times was acting in the course of her contract for NME and in furtherance of the business of Turner.

16. On or about December 19, 2019, Williams was operating a 2008 white truck bearing license plate number "2929118" registered in the State of Indiana to defendant Ryder Truck Rental Inc. (the "Ryder Truck") with the permission and consent of Turner.

17. Upon information and belief, Turner leased, owned, maintained, controlled, and/or managed the Ryder Truck.

18. Defendant Williams, while operating the Ryder Truck, was traveling southbound on I-287 and failed to observe Plaintiff to her left, switched lanes and struck Plaintiff's vehicle in the rear causing Plaintiff's vehicle to strike the barrier and land in the center left lane and hit another vehicle.

19. Defendants so negligently owned, leased, controlled, maintained and/or operated the Ryder Truck that Williams caused it to, and it did, violently crash into Plaintiff's vehicle, severely and permanently injuring Plaintiff.

20. The above stated occurrence and the results thereof were in no way due to any negligence on the part of Plaintiff contributing thereto, but were caused by the negligence of Defendants in the operation, management, maintenance and control of the Ryder Truck; in operating same without due regard to the rights and safety of Plaintiff; in operating said motor vehicle in a manner which unreasonably endangered them; in failing to properly steer, guide, manage and control said vehicle; in failing to properly look and observe traffic in neighboring lanes; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in operating said motor vehicle in violation of traffic rules, regulations, statutes and ordinances in such cases made and provided; and in being otherwise careless, reckless and negligent in the ownership, leasing, maintenance, operation and control of the said motor vehicle.

21. That as a result of the foregoing, Plaintiff has sustained serious injuries.

22. That by reason thereof, Plaintiff is entitled to recover for non-economic and economic losses.

23. The injuries that Plaintiff has suffered are permanent in nature. Plaintiff has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

24. As described herein, Defendants' negligence caused Plaintiff's injuries and attendant losses. Defendants were careless and negligent in owning, leasing, controlling, maintaining and/or operating the Ryder Truck, which caused Plaintiff to suffer severe personal injuries and economic losses.

## SECOND CAUSE OF ACTION

25. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth at length herein.

26. On December 19, 2019 and at all relevant times herein, defendant Williams was an employee, agent, and/or third-party contractor of defendant Turner.

27. Turner entrusted the Ryder Truck to Williams and at the time of the accident, Williams was acting in the scope of and/or in furtherance of Turners' business.

28. At all relevant times herein, Turner was negligent in entrusting the Ryder Truck to employee Williams.

29. As a result of the negligence described herein of Defendants, Plaintiff was seriously and severely injured, were caused great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of their natural lives.

**WHEREFORE**, Plaintiff demands judgment against defendants Williams, Ryder and Turner for:

a) actual, compensatory and statutory damages;

b) costs of suit;

c) pre and post judgment interest as allowed by law;

d) punitive damages as allowed by law;

e) attorney's fees; and

f) for such other relief as the court may deem proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues in the above matter as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

Dated: February 16, 2021

                                  DESIMONE & ASSOCIATES, LLC

                                  RALPH DESIMONE, ESQ. (RD-5364)
                                  745 Fifth Avenue, Suite 500
                                  New York, New York 10151
                                  Tel (646) 776-7425
                                  Fax (212) 207-3111
                                  *Attorneys for Plaintiff*
                                  *Cathleen McKenna*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Plaintiff, by her attorneys, hereby certifies that the matter in controversy is not the subject of any other pending action in any court or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 18, 2021

DESIMONE & ASSOCIATES, LLC

RALPH DESIMONE, ESQ. (RD-5364)
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel (646) 776-7425
Fax (212) 207-3111
*Attorneys for Plaintiff*
*Cathleen McKenna*